IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SCALES, | : | CIVIL ACTION |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| LAUREL HARRY et al., | : | NO. 14-3133 |
|    Respondents. | : | |

ORDER

AND NOW, this 22nd day of July 2014, upon consideration of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Doc. No. 5) and Petitioner John Scales's Response and Objection thereto (Doc. No. 6), Scales's Motion for Appointment of Counsel (Doc. No. 3), and Scales's Motion for an Enlargement of Time to File Memorandum of Law for Habeas Corpus, Nunc Pro Tunc (Doc. No. 7), and upon independent review of Scales's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1-1), it is hereby ORDERED as follows:

1. The Report and Recommendation (Doc. No. 5) (the "R&R") is APPROVED and ADOPTED.

    This Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

    Scales objects to two aspects of the R&R. First, Scales argues that the R&R "should be quashed" because it is "premature." (Scales's Objs. 2, Doc. No. 6.) Scales claims that Rule 9.4.3 of the Local Rules of Civil Procedure forbids a magistrate judge from issuing a report and recommendation in a habeas case until 60 days after the petitioner filed his or her petition. (Id.) Rule 9.4.3, which applies "in Death Penalty Cases," directs habeas petitioners to "file, not later than sixty (60) days after the date of the filing of the petition under §2254 . . . , a memorandum of law in support." Local R. Civ. P. 9.4.3. This Rule is inapplicable because Scales has not been sentenced to death. See Reed v. Harlow, No. 09-CV-3870, 2009 WL 3737568, at *1 n.1 (E.D. Pa. Oct. 29, 2009) (declining to consider a habeas petitioner's memorandum of law because Rule 9.4 "applies to capital habeas petitions"), aff'd on other grounds, 448 F. App'x 236

(3d Cir. 2011); cf. Glover v. Wander, No. 06-CV-1688, 2007 WL 1725236, at *3 (W.D. Pa. June 11, 2007) (rejecting habeas petitioner's argument that "he was denied the right to file a memorandum of law, which he claim[ed] should have been required pursuant to . . . [Rule] 9.4(c) [of the Western District of Pennsylvania Local Rules of Civil Procedure]," because petitioner "was not sentenced to death"). Accordingly, Magistrate Judge Rice committed no error by filing the R&R 35 days after Scales filed his habeas petition.

Second, Scales argues that he timely filed his habeas petition. (Scales's Objs. 9–11.) We disagree. Habeas petitions must be filed within a "1-year period of limitation." 28 U.S.C. § 2244(d)(1). Subject to exceptions not relevant here, this one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). The running of this limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Scales's conviction and sentence became final on July 26, 2010. (R&R 3, Doc. No. 5.) Two hundred and seventy-three days later, on April 25, 2011, Scales filed a motion under Pennsylvania's Post Conviction Relief Act. (Id. at 4.) This motion tolled the limitation period until June 25, 2013, when the Pennsylvania courts conclusively denied Scales's motion. (Id.) On that date, Scales had 92 days remaining to file a timely habeas petition. Scales filed his petition on May 12, 2014, which is 229 days after the 92-day period expired. (Id.)

Scales maintains that his petition is timely because he filed it less than one year after the Pennsylvania courts denied his post-conviction motion. He claims that, because a post-conviction motion was his first opportunity to bring an ineffective-assistance-of-counsel claim, the one-year limitation period started running once the Pennsylvania courts denied his post-conviction motion. This argument is foreclosed by § 2244(d)(1)(A), which provides that the limitation period begins to run at "the conclusion of *direct* review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). As a result, Scales's habeas petition is timely only if equitable tolling is appropriate.

Equitable tolling is warranted where (1) "the defendant has actively misled the plaintiff," (2) "the plaintiff has in some extraordinary way been prevented from asserting his rights," or (3) "the plaintiff has timely asserted his rights mistakenly in the wrong forum." Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008) (internal quotation marks omitted). This case presents none of these circumstances. And the record reveals no reason to believe that applying the one-year limitation period to Scales's petition would be unfair. We will therefore dismiss the petition as untimely.

2. Scales's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1-1) is DISMISSED without an evidentiary hearing.

3. Scales's Motion for Appointment of Counsel (Doc. No. 3) is DENIED for the reasons stated in the R&R. (See R&R 6 ("Because [Scales's] petition should be dismissed as untimely, the interests of justice do not require the appointment of counsel.").)

4. Scales's Motion for an Enlargement of Time to File Memorandum of Law for Habeas Corpus, Nunc Pro Tunc (Doc. No. 7) is DENIED. Scales requests "an enlargement of time to file his memorandum of law." (Scales's Mot. Enlargement Time, Doc. No. 7, at 2.) No such time exists. Cf. Rule 4, Rules Governing Section 2254 Cases ("The clerk must promptly forward the petition to a judge . . . , and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."). Indeed, the Local Rules of Civil Procedure warn habeas petitioners that the court will ordinarily "consider only those matters which are set forth on the forms provided by the court." Local R. Civ. P. 9.3(a).

5. A certificate of appealability SHALL NOT issue. Scales's petition is unambiguously time barred. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, [among other things,] . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

6. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

    BY THE COURT:

    /s/ Legrome D. Davis

    Legrome D. Davis, J.